# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4178 | **DATE** | December 10, 2002 |
| **CASE TITLE** | Williamson v. Velasco | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss [11-1] is denied. The court appoints Trev M Minnaert, Arnstein & Lehr, 120 S. Riverside Plaza, Ste. 1200, Chicago, Illinois 60606-3910 (312/876-6929), to represent plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) and 83.37. The court denies plaintiff's motion to file supplemental and amended complaint [21-1, -2] subject to counsel filing an amended complaint within 30 days of the date of this order. Defendants are given 20 days after the filing of the amended complaint to answer or otherwise plead to the amended complaint.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | DEC 11 2002 | |
| | Notified counsel by telephone. | | date docketed | 23 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | (docketing deputy initials) | |
| | Copy to judge/magistrate judge. | | | |
| | | 02 DEC 10 PM 5:18 | date mailed notice | |
| | CH / courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
DEC 11 2002

| | |
|---|---|
| CLARENCE B. WILLIAMSON III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 02 C 4178 |
| ) | |
| ERNESTO VELASCO, MARCUS LYLES, ) | |
| MARCUS - JOHNSON, - HOPKINS, ) | JUDGE PALLMEYER |
| - IMHOF ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Clarence B. Williamson III, alias Mark Howard, currently a detainee at the Cook County Department of Corrections, has brought this *pro se* complaint pursuant to 42 U.S.C. § 1983. Defendants Ernesto Velasco, Marcus Lyles, and Superintendent Hopkins[1] have filed a motion to dismiss pursuant to Rule 12(b)(6) and Rule 8(c) of the Federal Rules of Civil Procedure alleging that this action is barred by the statute of limitations. For the following reasons, defendants' motion is denied.

**I. Standard of Review**

A statute of limitations defense may be properly asserted as part of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "when the time alleged in the complaint shows that the action was not brought within the statutory period." *Center Ice of Dupage, Inc. v. Burley's Rink Supply, Inc.*, No. 96 C 5537, 1997 WL 43230, *2 (N.D.Ill.), *quoting Walter v. Leader*, No.

---

[1]Superintendent Imhof was served on September 3, 2002, but no appearance has been filed on his behalf. Service was returned unexecuted on defendant Marcus-Johnson, with a notation that there was no personnel record of a Marcus Johnson.



83-C1200, 1987 WL 7257, at *3 (N.D. Ill. Feb. 23, 1987) (Grady, J.) (citation omitted). However, the standard of review remains the same: The court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), *cert. denied*, 530 U.S. 1234 (2000). This rule has particular force when considering the allegations of a *pro se* complaint, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988). Dismissal is properly granted only if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## II. Facts

On June 6, 2000, officers assigned to the S.I. #1 tier in Division 9 of the Cook County Jail informed Williamson that he was being transferred to S.I. #2 tier in Division 1. Williamson told the officers and the sergeant, lieutenant, captain, chief of security, and the acting superintendent that this transfer posed risks because he was a state witness to a murder that happened in the jail in September 1998. Williamson's co-defendants in that case were housed in S.I. unit in Division 1, and Williamson feared a possible assault. An individual identified in the complaint as Chief of Security Marcus-Johnson and Defendant Hopkins refused to believe Williamson, and he was transferred.

After the transfer, as Williamson was leaving the dayroom, two of his co-defendants assaulted him. Williamson was taken for medical attention in the early hours of June 7, 2000.[2]

Williamson's complaint is dated June 4, 2002, and the trust fund officer signed the certificate portion of Williamson's *in forma pauperis* application on June 4, 2002. The envelope in which Williamson mailed his complaint is postmarked June 10, 2002, and the Clerk of the Court received the complaint on June 11, 2002.

## III. Analysis

Defendants argue that Williamson's action is time barred because the Clerk of the Court received the complaint on June 11, 2002, more than two years after Williamson was assaulted on June 7, 2002. In response to the motion to dismiss, Williamson states that after the social worker signed the *in forma pauperis* certificate on June 4, 2002, it was her responsibility to mail it.

The statute of limitations for § 1983 actions arising in Illinois is two years. *See Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *Knox v. Lane*, 726 F.Supp. 200, 201-02 (N.D. Ill. 1989).

Although state law governs the length of the statute of limitations, federal law governs the accrual date of the cause of action. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). A claim

---

[2] It is not clear whether Williamson was assaulted late on June 6 or early on June 7. For purposes of this motion, the court will assume the assaulted occurred on June 7 because he was taken for medical attention on that date. However, whether the assault occurred on June 6 or 7 does not matter as far as the statute of limitations is concerned because, as discussed later, both dates are timely.

-3-

generally accrues when the plaintiff knows or has reason to know of the injury. *Id.* Williamson obviously was aware of his injury when he suffered it. He does not contend, for example, that he was unconscious or comatose for a length of time after the inmates allegedly assaulted him. Williamson's cause of action therefore accrued on June 7, 2000. *See also Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998) (application of excessive force violates the Constitution and is immediately actionable).

Citing *Robinson v. John Doe*, 272 F.3d 921, 923 (7th Cir. 2001), defendants argue that a complaint is filed when the clerk receives the complaint. Because the clerk received Williamson's complaint on June 11, 2002, they contend that he filed his complaint several days after the statute of limitations had expired. However, *Robinson* dealt with a case that had been mailed to the Central District of Illinois within the two year period of limitations. The complaint had been returned to the plaintiff without being filed pursuant to a local rule of the central district because it was not accompanied by a filing fee or a motion to proceed *in forma pauperis*. By the time that plaintiff met the applicable rules involving filing fees and the like, the statute of limitations had expired.

The Court of Appeals held that the plaintiff's complaint had been "filed" when the clerk of the clerk initially received the complaint, not when the plaintiff met all the formal rules for filing. Because the complaint had been received by the clerk before the statute of limitations expired, the Court of Appeals did not need to delve any further.

In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court held that a prisoner files his notice of appeal at the time he delivers it to prison authorities for forwarding to the court. *Id.* at 276. The Fourth and Fifth Circuits have extended the *Houston* "mailbox rule" to cover Section 1983 claims. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *Lewis v. Richmond City Police*

*Dept.*, 947 F.2d 733, 736 (4th Cir. 1991). These rulings extending the "mailbox rule" are consistent with the notion that *pro se* prisoners do not have the same access to the court system as other litigants, and in order for justice to be served, their papers should be considered filed when given to prison officials. *Jones*, 171 F.3d at 502; *Cooper*, 70 F.3d at 379; *Lewis*, 947 F.2d at 735.

The Seventh Circuit recently extended the "mailbox rule" to motions to alter or amend judgment. *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2002). Although the Court of Appeals has not explicitly extended the "mailbox rule" to *pro se* § 1983 cases filed by prisoner, the court observed: "We need not decide here whether there is any kind of paper, or any circumstance, under which a district court would be entitled to hold a pro se prisoner litigant to an actual receipt standard, but we are confident that this would be an exceptional situation." *Id. See also Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999) (applied "mailbox rule" to a § 2255 motion); *Simmons v. Ghent*, 970 F.2d 392, 392 (7th Cir. 1992) (applied "mailbox rule" to a Rule 59(e) motion).

The Northern District of Illinois has recognized the difficulties that plaintiffs in custody may encounter when trying to file a lawsuit. Local Rule 3.3(d) of this Court provides in pertinent part:

> (d) Date of filing. If the judge grants the IFP petition, the complaint shall be filed as of the date of the judge's order except that where the complaint must be filed within a time limit and the order granting leave to file is entered after the expiration of that time limit, the complaint shall be deemed to have been filed:
>
> (1) in the case of any plaintiff in custody, as of the time of the plaintiff's delivery of the complaint to the custodial authorities for transmittal to the court; . . .

Williamson claims that after the social worker signed the *in forma pauperis* application on June 4, 2002, it was her responsibility to ensure that it was mailed through the institutional mail procedures. Why it took six days for Williamson's complaint to be postmarked is not important

here. What is important is that Williamson delivered his complaint for mailing on June 4, 2002, and according to Local Rule 3.3, this is the date on which Williamson's complaint is considered filed for purposes of determining timeliness. Williamson filed his complaint several days before the statute of limitations expired. Defendants' motion to dismiss is accordingly denied.

## IV. Williamson's Supplemental and Amended Complaint

In addition to his response to defendants' motion to dismiss, Williamson has filed a motion to file a supplemental and amended complaint. According to Fed. R. Civ. P. 15(d), a supplemental pleading is one that "set[s] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Indeed, at ¶ 53, Williamson continues with events that have transpired since June 7, 2000, until September 2002. It appears that Williamson continues to be in danger of assault from other inmates.

Williamson is also attempting to amend his original complaint, that is, adding or changing allegations as to the situation that existed at the time his original complaint was filed. He has also added some new defendants. However, the law is quite clear as to amending a complaint to add new defendants after the statute of limitations has run, which in the instant case, ran on June 7, 2002:

> [A]mendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run. *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) *quoting Wood v. Worachek*, 618 F.2d 1225, 1229-30 (7th Cir. 1980).

In addition, as noted in footnote 1, summons was returned on defendant Marcus-Johnson with a notation that there was no record of a Marcus Johnson. However, it appears from a careful reading of the original complaint and the amended complaint that "Marcus-Johnson" is the hyphenated last

name of a woman officer. Because Williamson is incarcerated, he may encounter difficulties in identifying Marcus-Johnson, so that she may be served with the complaint.

Because of the complexity of determining which defendants and claims may relate back, the difficulties in identifying Marcus-Johnson, so that she may be served with the complaint, and Williamson's descriptions of on-going problems with being housed where he will be safe from inmate assaults, the court accordingly determines that it is the best interest of justice to appoint counsel to represent Williamson in this action.

## V. Conclusion

For the foregoing reasons, defendants' motion to dismiss is denied. The court appoints Trev M Minnaert, Arnstein & Lehr, 120 S. Riverside Plaza, Ste. 1200, Chicago, Illinois 60606-3910 (312/876-6929), to represent Williamson in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) and 83.37. The court denies Williamson's motion to file supplemental and amended complaint subject to counsel filing an amended complaint within 30 days of the date of this order. Defendants are given 20 days after the filing of the amended complaint to answer or otherwise plead to the amended complaint.

IT IS SO ORDERED.

REBECCA R. PALLMEYER, Judge
United States District Court

DATED: Dec. 10, 2002