IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE B. WILLIAMSON, III, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 02 C 4178 |
| EXECUTIVE DIRECTOR ERNESTO VELASCO, ASSISTANT DIRECTOR, ASSISTANT DIRECTOR MARCUS LYLES, CHIEF OF SECURITY MARCUS-JOHNSON, SUPERINTENDENT HOSKINS, SUPERINTENDENT IMHOF, ASSISTANT EXECUTIVE DIRECTOR JOHN MAUL, SUPERINTENDENT HENRY TROKA, SUPERINTENDENT MOORE, SUPERINTENDENT LUMP, CHIEF OF SECURITY McGUIRE, CAPTAIN FIGLIO, SARGENT POWERS, REPORTING OFFICER SANSONE, and REPORTING OFFICER COVINGTON. | ) Honorable Rebecca R. Pallmeyer |
| Defendants. | ) |

FILED
JAN 3 1 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

TO: Nicholas T. Motherway, Assistant State's Attorney, 500 Richard J. Daley Center Chicago, Illinois 60602

PLEASE TAKE NOTICE that on January 31, 2003, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Plaintiff's Amended Complaint at Law, copies which accompany this notice and are hereby served upon you.

Stephanie S. Seay

Stephanie S. Seay
Arnstein & Lehr
120 S. Riverside Plaza
Suite 1200
Chicago, IL 60606
312-876-6928

## CERTIFICATE OF SERVICE

Stephanie S. Seay, an attorney, certifies that she served a copy of a Notice of Filing and Plaintiff's Amended Complaint at Law, depositing true and correct copies of the same in a sealed envelope, with proper postage prepaid, addressed to:

>Nicholas T. Motherway
>Assistant State's Attorney
>500 Richard J. Daley Center
>Chicago, Illinois 60602

and depositing the same in the U.S. Mail at 120 South Riverside Plaza, Chicago, Illinois 60606 on this 31st day of January, 2003.

*Stephanie S. Seay*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 0 3 2003

| | | |
|---|---|---|
| CLARENCE B. WILLIAMSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 4178 |
| | ) | |
| EXECUTIVE DIRECTOR ERNESTO VELASCO, ASSISTANT DIRECTOR, ASSISTANT DIRECTOR MARCUS LYLES, CHIEF OF SECURITY MARCUS-JOHNSON, SUPERINTENDENT HOSKINS, SUPERINTENDENT IMHOF, ASSISTANT EXECUTIVE DIRECTOR JOHN MAUL, SUPERINTENDENT HENRY TROKA, SUPERINTENDENT MOORE, SUPERINTENDENT LUMP, CHIEF OF SECURITY McGUIRE, CAPTAIN FIGLIO, SERGEANT POWERS, REPORTING OFFICER SANSONE, and REPORTING OFFICER COVINGTON. | ) | Honorable Rebecca R. Pallmeyer |
| Defendants. | ) | |

FILED
JAN 3 1 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## FIRST AMENDED COMPLAINT

Clarence B. Williamson III a/k/a Mark Howard ("Plaintiff"), by his court-appointed attorneys, Paul E. Starkman, Aimée B. Storin and Stephanie S. Seay of Arnstein & Lehr, complains against Executive Director Ernesto Velasco, Assistant Director Marcus Lyles, Chief of Security Marcus-Johnson (first name unknown), Supreintendent Hoskins (first name unknown), Superintendent Imhof (first name unknown), Assistant Executive Director John Maul, Superintendent Henry Troka, Superintendent Moore (first name unknown), Superintendent Lump (first name unknown), Chief of Security McGuire (first name unknown), Captain Figlio (first name unknown), Sergeant Powers (first name unknown),

35

Reporting Officer Sansone (first name unknown), and Reporting Officer Covington (first name unknown), as follows:

### Parties

1. Plaintiff is a United States citizen and has been a resident and citizen of the State of Illinois at all times relevant to this action. Plaintiff presently resides at Cook County Department of Corrections, Chicago, Illinois.

2. Defendant, Ernesto Velasco, is an individual who, at all times relevant hereto, was employed by the Cook County Department of Corrections ("CCDOC") as its Executive Director, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

3. Defendant Marcus Lyles, is an individual who, at all times relevant was employed by the CCDOC as its Assistant Director, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

4. Defendant Marcus-Johnson, is an individual who, at all times relevant was employed by the CCDOC as a Chief of Security and at all times relevant was acting in that capacity and under color of state law. She is being sued in her individual and/or official capacities.

5. Defendant Hoskins, is an individual who, at all times relevant was employed by the CCDOC as a Superintendent, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

6. Defendant Imhof, is an individual who, at all times relevant was employed by

the CCDOC as a Superintendent, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

7. Defendant John Maul, is an individual who, at all times relevant was employed by the CCDOC as its Assistant Executive Director, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

8. Defendant Henry Troka, is an individual who, at all times relevant was employed by the CCDOC as a Superintendent, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

9. Defendant Moore, is an individual who, at all times relevant was employed by the CCDOC as a Superintendent, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

10. Defendant Lump, is an individual who, at all times relevant was employed by the CCDOC as a Superintendent, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

11. Defendant McGuire, is an individual who, at all times relevant was employed by the CCDOC as a Chief of Security, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

12. Defendant Figlio, is an individual who, at all times relevant was employed by the CCDOC as a Captain, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

13. Defendant Powers, is an individual who, at all times relevant was employed

by the CCDOC as a Sergeant, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

14. Defendant Sansone, is an individual who, at all times relevant was employed by the CCDOC as a Reporting Officer, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

15. Defendant Covington, is an individual who, at all times relevant was employed by the CCDOC as a Reporting Officer, and at all times relevant was acting in that capacity and under color of state law. He is being sued in his individual and/or official capacities.

## Jurisdiction

16. This action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction under 28 U.S.C. § 1343.

## Venue

17. All of the events set forth in this Amended Complaint occurred at Cook County Department of Corrections, in Cook County, Illinois. Venue therefore lies in the Northern District of Illinois, Eastern Division.

## COUNT I
## Violation of Eighth and Fourteenth Amendments – Failure to Protect

1. The Eighth Amendment to the United States Constitution prohibits the cruel and unusual punishment of United States citizens by the federal government.

2. The Fourteenth Amendment extends the prohibition of the Eighth Amendment of the to the States, and guarantees that the State of Illinois shall similarly

4

prohibit cruel and unusual punishment of United States citizens by the State government.

3. Plaintiff's right under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment by the State of Illinois has been abridged by Defendants' failure to protect Plaintiff from violence by other detainees. Defendants' failure to protect Plaintiff is a result of official CCDOC policy, custom or practice.

4. More specifically, acting under color of state law, Defendants transferred Plaintiff to a restricted unit ("protective custody") despite the fact that they knew or should have known that detainees housed in that unit, who would have access to Plaintiff, posed a substantial threat to Plaintiff's safety and well being. Defendants also under color of state law denied Plaintiff's multiple requests that he not be transferred to protective custody, where his known enemies were housed, because it presented a substantial threat to his safety.

5. On or about June 6, 2000, Plaintiff was informed by officers assigned to S.I. #1 tier in Division 9 of the jail, that he was being transferred to S.I. #2 tier in Division 1.

6. At that time, detainees who were charged in a September 1998 jail homicide ("homicide defendants") were being housed in S.I. #2 in Division 1.

7. Defendants knew or should have known that the homicide defendants would present a serious risk to Plaintiff because of his status as a potential witness against them in the September 1998 murders. In fact, Plaintiff sent Defendants letters outlining the risk to his safety posed by the homicide defendants.

8. Plaintiff told the officers, Superintendent Hoskins and Chief of Security Marcus-Johnson, that because he was a potential witness for the State to a homicide that occurred in the jail in September 1998, a transfer to S.I. #2 in Division 1 would place his

personal safety at serious risk, because the homicide defendants, who believed he might testify against them, were currently being housed there.

9. Despite Plaintiff's verbal and written protests, Defendants transferred him to the S.I. #2 tier in Division 1 on June 6, 2000.

10. On that same day, after being transferred to S.I. #2, Plaintiff was assaulted by two of the September 1998 homicide defendants.

11. Plaintiff suffered physical injuries, which required immediate medical attention.

12. Following the assault, Plaintiff requested that Defendants transfer him from S.I. #2 to general population.

13. Again, Defendants denied Plaintiff's request and refused to transfer him to general population.

14. On or about October 2, 2001, Plaintiff's, requested that Judge Villa of the Court of Cook County, enter an Order authorizing the transfer of Plaintiff to general population. On that same date, Judge Villa entered an Order ordering that Plaintiff be returned to general population. A true copy of the Order is attached as Exhibit A.

15. Defendants refused to transfer Plaintiff, despite the October 2, 2001, Court Order.

16. On April 24, 2002, Judge Bowie of the Circuit Court of Cook County, Illinois at Plaintiff's request entered a second Order providing that Plaintiff be returned to general population. A true copy of the Order is attached as Exhibit B.

17. Notwithstanding Judge Bowie's Order, Defendants refused to transfer Plaintiff to general population. In fact, despite Plaintiff's multiple requests, and two

separate court orders, plaintiff continues to be housed in protective custody and/or under protective custody status.

18. By failing to protect Plaintiff from this violent assault, Defendants have, under color of state law, abridged Plaintiff's right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.

19. Defendants' deliberate indifference to the substantial risk of serious harm posed by Plaintiff's known enemies also housed in protective custody violates the Eighth Amendment because they know or should have known that Plaintiff was in danger of physical harm by the homicide defendants.

20. Plaintiff has exhausted his administrative remedies.

21. As a direct result of the foregoing unlawful, malicious and deliberate acts, actions, conspiracies and course of conduct of, by and among defendants, failing to protect Plaintiff from harm by other inmates, Plaintiff has sustained damages.

WHEREFORE, Plaintiff requests the following:

A. Judgment for compensatory damages;

B. Punitive damages;

C. An injunction, without bond, requiring defendant Ernesto Velasco (and thereby the County of Cook, Illinois), to transfer Plaintiff out of protective custody to either General Population or a Christian tier of the CCDOC; and

D. Attorneys' fees and costs pursuant to statute, and any other such further relief as this Court may deem appropriate.

## COUNT II
### Violation of Fourteenth Amendment – Retaliation

1-21. Plaintiff realleges paragraphs 1 through 21 of Count I as paragraphs 1 through 21 of Count II.

22. Plaintiff filed this lawsuit on June 11, 2002.

23. On several occasions, after plaintiff filed this civil rights suit, Defendants, acting under color of state law, have engaged in a course of conduct designed to harass, humiliate, intimidate and otherwise harm Plaintiff in retaliation against plaintiff for filing this lawsuit and in retaliation for the grievances filed by Plaintiff against Defendants, including, without limitation,

   (a) issuing one or more unjustified disciplinary charges against Plaintiff some of which were thrown out at the hearing stage, but which nonetheless resulted in Plaintiff serving time in segregation;

   (b) attempting to provoke insolent or violent behavior from Plaintiff in order that he be disciplined;

   (c) threatening disciplinary action against Plaintiff for non-existent offenses;

   (d) denying Plaintiff access to Social Services to make telephone calls to his attorney;

   (e) conducting numerous cell "shake-downs" and confiscating certain of Plaintiff's permitted personal effects, which, despite his repeated demands, have not been returned to him;

   (f) delaying and threatening to cancel guest visits;

   (g) denying Plaintiff participation in recreation and permitted physical activity; and

   (h) failing to properly extinguish a fire started by another detainee in Plaintiff's cell.

24. Defendants unjustifiably and unlawfully engaged in a course of conduct in

8

retaliation for Plaintiff's exercise of his right to petition for redress of grievances and filing this lawsuit.

25. As a direct result of the foregoing unlawful, malicious and deliberate acts, actions, conspiracies and course of conduct of, by and among defendants, Plaintiff has sustained damages.

WHEREFORE, Plaintiff requests the following:

    A. Judgment for compensatory damages;

    B. Punitive damages; and

    C. Attorneys' fees and costs pursuant to statute, and any other such further relief as this Court may deem appropriate.

## COUNT III
### Violation of Fourteenth Amendment – Access to the Courts

1-21. Plaintiff realleges paragraphs 1 through 21 of Count I, and paragraphs 22 through 34 of Count II, as paragraphs 1 through 21 of Count III.

22. Plaintiff's pursuit of the civil rights claims made herein, which relate to his conditions of confinement, has been frustrated and impeded by the following deliberate and unlawful acts undertaken by Defendants under color of state law, including, without termination:

    (a) failing to timely mail Plaintiff's Complaint to the District Court so as to prevent Plaintiff from satisfying the statute of limitations for his respective claims;

    (b) on several occasions, denying Plaintiff access to the law library; and

    (c) on several occasions, denying Plaintiff access to Social Services to make telephone calls to his attorney.

23. Plaintiff's civil rights lawsuit is not a frivolous claim.

WHEREFORE, Plaintiff requests the following:

A. Judgment for compensatory damages;

B. Punitive damages;

C. Attorneys' fees and costs pursuant to statute, and any other such further relief as this Court may deem appropriate.

CLARENCE B. WILLIAMSON III,
a/k/a MARK HOWARD,

By: _____
One of his Attorneys

Paul E. Starkman
Aimée B. Storin
Stephanie S. Seay
Arnstein & Lehr
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
778595_1

# See Case File For Exhibits